UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OLIVER,<br><br>             Plaintiff,<br><br>         v.<br><br>M. DOCANTO, et al.,<br><br>             Defendants. | Case No. 1:15-cv-01173-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>[ECF No. 1] |

Plaintiff Kenneth Oliver is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 28, 2015, Defendants DoCanto, Foston, Hubbard, Meza and Prudhel removed this action from the Kings County Superior Court.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names Jeffrey Beard, D. Foston, C. Gipson, S. Hubbard, R. Davis. R.S. Lambert, J. Prudhel, J. Meza and M. DoCanto as Defendants in this action. The alleged constitutional violations took placed while Plaintiff was housed at Corcoran State Prison.

On December 18, 2010, prison staff conducted a routine building search of the 4B4R housing unit (where Plaintiff was housed with inmate J. Harris). Defendants DoCanto and Meza were correctional officers assigned to search 4B4R-54, occupied by Plaintiff and Mr. Harris. During the search, DoCanto and Meza removed several items of Plaintiff's and Mr. Harris's personal property from their cell, namely, 21 books and 41 magazines. Of the items removed, 14 of the 21 books belonged to Plaintiff and the remainder belonged to Mr. Harris. The books belonging to Plaintiff that were removed from 4B4R-54 were: 1) Federal Rules of Civil Procedure; 2) Prisoners' Survival Guide;

3) Columbia Jailhouse Lawyers Manual; 4) Prisoners Self-Help Litigation Manual; 5) Protecting Your Health and Safety; 6) Jailhouse Lawyers; 7) Webster's Collegiate Dictionary; 8) Rogets Thesaurus; 9) The Art of Leadership, Vol. 1; 10) The Art of Leadership, Vol. 2; 11) The New Jim Crow; 12) Blueprint for Black Power; 13) Making of a Sino-Marxist Worldview; and 14) Voices of Revolution.

Of the 14 books converted from Plaintiff, eight were legal and reference books, the remaining six were non-fiction socio-political material. Neither DoCanto or Meza or any other staff member ever returned any of Plaintiff's books to him. Nor did anyone inform him of the books whereabouts or any other disposition related to them.

Neither DoCanto or Meza or any other staff member ever provided Plaintiff an opportunity to be heard or demonstrate that his books were within the allowable limits of personal property possession. Nor did DoCanto or Meza or any other staff members provide Plaintiff an opportunity to send his property home at his own expense, as provided for by CDCR regulations.

### III.

### DISCUSSION

#### A. Linkage Under Section 1983

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 678-79; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

#### B. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."

1  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th
2  Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

3        Plaintiff brings this action against Defendants Jeffrey Beard (Secretary of the California
4  Department of Corrections and Rehabilitation, hereinafter "CDCR"), D. Foston (Chief of Inmate
5  Appeals for CDCR), C. Gipson (Warden at Corcoran State Prison), S. Hubbard (Chief Deputy Warden
6  at Corcoran State Prison), R. Davis, (Correctional Caption for CDCR), R.S. Lambert (Associate
7  Warden at Corcoran State Prison), J . Prudhel. It appears that Plaintiff is attempting to impose liability,
8  not based on these Defendants personal involvement in any incident raised in the complaint, but
9  because of their positions within the prison.  Defendants' positions do not provide a basis for liability
10 under section 1983.  Iqbal, 556 U.S. at 676 ("Absent vicarious liability, each Government official, his
11 or her title notwithstanding, is only liable for his or her own misconduct.").  Plaintiff's complaint is
12 devoid of any factual allegations regarding Defendants Beard, Foston, Gipson, Hubbard, Davis,
13 Lambert and Prudhel; and therefore, Plaintiff has failed to state a claim against these Defendants.

14       **C.**    **Inmate Appeals Process**

15 "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of
16 life, liberty, or property; and those who seek to invoke its procedural protection must establish that one
17 of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).
18 Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he
19 cannot pursue a claim for denial of due process with respect to the handling or resolution of his
20 appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639,
21 640 (9th Cir. 1988)). Involvement in reviewing an inmate's administrative appeal does not necessarily
22 demonstrate awareness of alleged violation. Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir.
23 2014).  Thus, actions in reviewing a prisoner's administrative appeal, without more, are not actionable
24 under section 1983.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Ramirez, 334
25 F.3d at 860.

26       In this instance, Plaintiff merely alleges that Defendants Beard, Foston, Davis, Hubbard,
27 Gipson, Prudhel, and Lambert erroneously denied his appeals relating to confiscation and
28

4

compensation of his personal property. Such allegations are insufficient to give rise to a constitutional violation by these Defendants.

### D. First Amendment Freedom of Speech

Plaintiff contends that the confiscation of his books violated his rights under the First Amendment.

A prison inmate "'retains those First Amendment rights that are not 'inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.''" Ashker v. California Dept. of Corrections, 350 F.3d 917, 922 (9th Cir. 2003) (quoting Hargis v. Foster, 312 F.3d 404, 409 (9th Cir. 2002) (internal citation omitted)). A prison regulation that impinges on inmates constitutional rights therefore is valid only if it is reasonably related to legitimate penological interests. Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).

Plaintiff's complaint fails to set forth sufficient facts for the Court to determine whether Plaintiff's reading materials were confiscated for reasons unrelated to legitimate penological interests. Accordingly, Plaintiff fails to state a cognizable claim under the First Amendment.

### E. Due Process

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson, 468 U.S. at 532 n.13; Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Greene, 648 F.3d at 1019 (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003).

Neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." Hudson, 468 U.S. at 533. There is an adequate post-deprivation remedy under California law and therefore, an

attempt to pursue a claim under federal law for negligent or unauthorized deprivation of property fails as a matter of law. Barnett v. Centoni, 31 F.3d 813, 816-817 (9th Cir. 1994), citing Cal. Gov't Code §§ 810-895.

Plaintiff's allegations are conclusory and lack the factual specificity necessary for the Court to apply the above standards. Significantly, Plaintiff fails to allege facts suggesting the absence of a penological purpose in confiscating his property. If Plaintiff chooses to amend, he must set forth sufficient facts claiming an authorized confiscation not reasonably related to a legitimate penological interest, or a claim relating to an unauthorized or negligent deprivation that arises under state law.

### F.  State Law Claims

Plaintiff brings claims for violation of Title 15 of the California Code of Regulations and negligence. Plaintiff is informed that violation of state tort laws, state regulations, rules and policies of the California Department of Corrections and Rehabilitation (CDCR), or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court has not found any cognizable claims in the second amended complaint. Accordingly, Plaintiff's state law claims fail.

## IV.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties

and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's complaint, filed July 28, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 19, 2015**

UNITED STATES MAGISTRATE JUDGE