UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OLIVER,<br><br>    Plaintiff,<br><br>    v.<br><br>M. DOCANTO, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01173-DAD-SAB (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH ONE FINAL OPPORTUNITY TO AMEND<br><br>[ECF No. 21] |

Plaintiff Kenneth Oliver is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**PROCEDURAL HISTORY**

Plaintiff filed the instant action on July 28, 2016.  On November 19, 2015, the Court dismissed the original complaint, with leave to amend, for failure to state a cognizable claim for relief.  (ECF No. 7.)  Plaintiff filed a first amended complaint on February 19, 2016.  (ECF No. 12.)  On March 8, 2016, the Court screened the first amended complaint and directed Plaintiff to either file a second amended complaint or notify the Court of his intent to proceed on the claim found to be cognizable.  (ECF No. 13.)

Currently before the Court is Plaintiff's third amended complaint, filed July 18, 2016.  (ECF No. 21.)

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's amended complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

On December 18, 2010, Plaintiff occupied cell number 54, in housing unit 4, facility B at the California State Prison, Corcoran Security Housing Unit. On this same date, Defendants DoCanto and Meza conducted a search of Plaintiff's cell. During the search, Defendants DoCanto and Meza

removed several items of Plaintiff's and his cellmate's personal property from their cell, namely, 21 books and 41 magazines. Of the items removed, 14 of the 21 books were personal property belonging to Plaintiff. The books that were removed from the cell that belonged to Plaintiff were: (1) Federal Rules of Civil Procedure; 2) Prisoners' Survival Guide; 3) Columbia Jailhouse Lawyers Manual; 4) Prisoners Self-Help Litigation Manual; 5) Protecting Your Health and Safety; 6) Jailhouse Lawyers; 7) Webster's Collegiate Dictionary; 8) Rogets Thesaurus; 9) The Art of Leadership, Vol. 1; 10) The Art of Leadership, Vol. 2; 11) The New Jim Crow; 12) Blueprint for Black Power; 13) Making of a Sino-Marxist Worldview; and 14) Voices of Revolution.

Of the 14 books converted from Plaintiff, eight were legal and reference books, and the remaining six were non-fiction socio-political material. Plaintiff's books were purchased and received through authorized means pursuant to the California Department of Corrections and Rehabilitation (CDCR) regulations. Defendants DoCanto and Meza did not provide Plaintiff any pre or post-deprivation hearing or any other form of opportunity to be heard, in order to demonstrate that his books were within the allowable limits of his personal property possession as set forth by CDCR rules and regulations.

Defendants DoCanto and Meza did not provide Plaintiff with an opportunity to mail his personal property home at his own expense in accordance with CDCR rules and regulations governing confiscation of non-dangerous personal property.

Defendants DoCanto and Meza did not confiscate and convert Plaintiff's personal property for reasons that were reasonably related to legitimate penological interests, in that CDCR regulations provide for Plaintiff to possess unlimited legal books up to one cub foot above and beyond any normal property limitations, including, and in addition to, any normal property limitations for the possession of publications.

On or about April 5, 2011, Plaintiff provided Defendant Prudhel and Lambert constructive notice that his personal property had been wrongfully confiscated by way of CDCR administrative grievance.

On April 11, 2011, Plaintiff provided Defendant Prudhel actual notice that his personal property had been wrongfully confiscated without due process of law via a face-to-face interview.

Defendants Prudhel and Lambert had direct supervisory authority and responsibility over Defendants DoCanto and Meza, and both had the ability to question, investigate, modify or correct the actions of DoCanto and Meza. Defendants Prudhel and Lambert personally participated in, approved of, and ultimately ratified the actions of Defendants of DoCanto and Meza and turned a blind eye to CDCR's own rules and regulations that required them to provide adequate compensation for the unauthorized taking of Plaintiff's personal property.

On July 14, 2011,[1] Plaintiff provided Defendants Hubbard and Gipson constructive and actual notice that his personal property had been wrongfully converted absent due process of law and that he was not being compensated in accordance with CDCR policy. Plaintiff provided the notice in writing through the CDCR administrative grievance procedure.

Defendants Hubbard and Gipson both had direct supervisory authority and responsibility over Defendants DoCanto, Meza, Prudhel, and Lambert. Defendants Hubbard Gipson had authority to question, investigate, modify and correct the actions of DoCanto, Meza, Prudhel, and Lambert.

On or about September 1, 2011, Plaintiff provided Defendants Beard, Davis and Foston constructive and actual notice through the CDCR administrative grievance procedure that his personal property had been wrongly converted absence due process of law and that he was not being compensated in accordance with CDCR policy.

## IV.

## DISCUSSION

### A.    Due Process Violation

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when

---

[1] Plaintiff presents the date as July 14, 2016; however, it appears that Plaintiff meant to state July 14, 2011.

4

the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

However, the Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895).

In this instance, Plaintiff contends that Defendants DoCanto and Meza confiscated and converted his personal property for reasons not related to a legitimate penological interest because the CDCR regulations allow Plaintiff to possess unlimited legal books up to one cubic feet above and beyond any normal property limitations. It is clear that Plaintiff contends the confiscation of his publications was unauthorized which does not give rise to a cognizable due process violation, as Plaintiff has an adequate post-deprivation remedy under California law. The mere fact that any state law claim was denied and he was not provided compensation does not provide relief in this forum. Accordingly, the allegations in the second amended complaint fail to give rise to a cognizable due process claim.[2]

**B.   First Amendment Violation**

Plaintiff alleges that Defendants violated his rights under the First Amendment. However, Plaintiff alleges no facts giving rise to a claim under the First Amendment-abridgment of right to free speech, and Plaintiff's property claim is appropriately addressed under the Due Process Clause. The mere fact that Plaintiff's publications were confiscated does not give rise to a separate violation under the First Amendment protection to free speech. There is no conduct alleged by Defendants that prevented Plaintiff from engaging in speech either written or verbally. Accordingly, Plaintiff has failed to state a cognizable First Amendment violation.

---

[2] Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property. Taylor v. Knapp. 871 F.2d 803, 806 (9th Cir. 1989).

### C. Inmate Appeals Process

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation. Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014). Thus, actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Ramirez, 334 F.3d at 860.

In this instance, Plaintiff alleges that Defendants Prudhel, Lambert, Hubbard, Gipson, Beard, Davis, and Foston, as supervisory personnel were provided notice of the alleged constitutional violation and failed to remedy the violation. However, a Defendant is not liable because he/she denied an appeal relating to the confiscation and compensation of his personal property. Based on Plaintiff's allegations, it is clear his grievances were reviewed and he simply does not agree with the result of such investigation. Plaintiff's allegations are insufficient to give rise to a constitutional violation by these Defendants.

///

///

**D.     State Law Claims**

Plaintiff seeks to raise claims under California for failure to discharge a mandatory duty (Cal. Gov't Code § 815.6) and negligence.  Plaintiff's attempt to bring a claim under California Government Code section 815.6 is misplaced because such statute provides that a public entity may be liable for an injury caused by a failure to discharge a duty.  See Cal. Gov't Code § 815.6.

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'"  Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

The "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it." Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).  Plaintiff may amend this claim, but is notified that if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over any state law claim, even if the state law claim is cognizable.  28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d at 805.

**V.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's second amended complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted one final opportunity to file an amended complaint, if he feels he can do so in good faith.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties

and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's second amended complaint, filed July 18, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 17, 2016**

UNITED STATES MAGISTRATE JUDGE