# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OLIVER, <br><br> Plaintiff, <br><br> v. <br><br> M. DOCANTO, et al., <br><br> Defendants. | Case No. 1:15-cv-01173-DAD-SAB (PC) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE COMPLY WITH COURT ORDER AND FILE AN AMENDED COMPLAINT <br><br> [ECF Nos. 22, 26] |

Plaintiff Kenneth Oliver is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(c)

## I.
## DISCUSSION

On August 18, 2016, the Court dismissed Plaintiff's second amended complaint for failure to state a cognizable claim for relief and granted Plaintiff one additional opportunity to amend the complaint. (ECF No. 22.) After receiving two extensions of time to file a third amended complaint, Plaintiff has failed to file an amended complaint or otherwise responded to the Court's order despite the thirty day deadline. As a result, there is no pleading on file which sets forth any claims upon which relief may be granted.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of this action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own

1

docket; (3) the risk of prejudice to the defendants; (4) the public policy of favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006)(internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, there is no pleading on file which sets forth any claims upon which relief may be granted, and the Court is left with no alternative but to dismiss the action for failure to state a cognizable claim for relief. Id.

## II.
## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 4, 2017**

UNITED STATES MAGISTRATE JUDGE